[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14286
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 7, 2010
JOHN LEY
CLERK

Agency No. A076-410-902

MYSLIM MALE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 7, 2010)

Before EDMONDSON, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Myslim Male, a native and citizen of Albania, petitions for review of the order by the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial of asylum.[1] No reversible error has been shown; we dismiss the petition in part and deny it in part.

We review the IJ's and BIA's decisions in this case. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (noting that we review the BIA's decision; but "[i]nsofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well"). We review de novo legal determinations of the BIA. Id. We review factual determinations under the "highly deferential" substantial evidence test; and we must affirm a "decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (citation omitted). To reverse a fact determination, we must conclude "that the record not only supports reversal, but compels it." Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

---

[1]The decision also denied withholding of removal and relief under the Convention Against Torture. But on appeal, Male offers no argument on these claims; and thus, he has abandoned them. See Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (explaining that petitioner abandons an issue by failing to offer argument on that issue).

2

An alien may obtain asylum if he is a "refugee," that is, a person unable or unwilling to return to his country of nationality "because of persecution or a well-founded fear of persecution on account of" a protected ground, including political opinion or membership in a particular social group. 8 U.S.C. §§ 1101(a)(42)(A); 1158(a)(1), (b)(1). The asylum applicant bears the burden of proving statutory "refugee" status with specific and credible evidence. Forgue, 401 F.3d at 1287.

An asylum applicant who has established past persecution on a protected ground is presumed to have a well-founded fear of future persecution on the basis of the original claim. 8 C.F.R. § 208.13(b)(1). The government may rebut this presumption by showing, by a preponderance of the evidence, either (1) a change in the country's conditions, or (2) that relocation within the country would avoid future persecution and that it was reasonable to expect the alien to do so. 8 C.F.R. § 208.13(b)(1)(i)(A), (B). An alien who cannot show past persecution "must demonstrate a well-founded fear of future persecution that is both subjectively genuine and objectively reasonable." Ruiz v. U.S. Attorney Gen., 440 F.3d 1247, 1257 (11th Cir. 2006).

Male sought asylum based on his political opinion and his membership in the Albanian army. He alleged that he and his family had been persecuted for supporting democracy groups under Albania's Communist regime. Both his

3

grandfather and father had been political prisoners.  Male himself was unable to attend school after junior high and was forced to work long hours as a farm laborer despite his young age.  In 1995, the Democratic Party gained control in Albania; and Male no longer faced the same restrictions that he had under the Communist regime.  He decided to join the army for a five-year term.  But in 1997, while he was in the United States for army training, the Socialist Party gained parliamentary control in Albania.  Male decided to stay in the United States because he feared that, if he returned to Albania, the Socialists in power would persecute him for his pro-democracy views and desertion from the army.

The IJ concluded that Male and his family had suffered past persecution based on their pro-democracy views under the Communist regime; but the IJ determined that the government had rebutted the presumption that Male had a well-founded fear of future persecution based on his political opinion because the political conditions in Albania had changed.[2] The IJ also concluded that no record evidence supported Male's claim that he had a well-founded fear of future persecution based on his army desertion.  The BIA agreed with the IJ's reasoning. On appeal, Male argues that the government failed to rebut the presumption that he

---

[2]The BIA remanded the IJ's original order because the IJ improperly placed the burden on Male -- instead of the government -- to demonstrate the he would suffer persecution in the future.  On remand, the parties submitted additional evidence and testimony about current country conditions in Albania.

had a well-founded fear of future persecution based on his political opinion.[3]  We disagree.

Both the documents submitted by the government and the testimony by Male evidenced that the Democratic Party regained parliamentary control in 2005.  And since 1998, there had been no outbreaks of political violence and it did not appear that either major political party pursued policies of abuse or coercion against their political opponents.  Also since the Democratic Party regained control, Male's family had not been arrested or physically harmed.  Although Male submitted affidavits from his family's neighbors stating that his family had been threatened by the "regime in power" after Male remained in the United States, this evidence concerned times before the Democratic Party regained control in 2005.  And Male testified that when he lived in Albania under Democratic rule, he experienced no problems.  Thus, the circumstances giving rise to the past political persecution of Male no longer were present.

---

[3]Male also argues that the administrative record contained no information relevant to the country conditions in Albania after 2007 (when the IJ rendered its decision) and, thus, we cannot determine whether his fears of persecution are realistic today.  But Male did not identify as an issue or call into question the diminishing relevance of the administrative record before the BIA; therefore, we lack jurisdiction to review this claim.  See Amaya-Artunduaga v. U.S. Attorney Gen., 463 F.3d 1247, 1250-51 (11th Cir. 2006) (we will not review an issue or claim that was not presented to the BIA in the petitioner's notice of appeal or brief to the BIA).  We dismiss the petition for review on this claim.

Male argues that the IJ relied too heavily on select statements from the 2006 State Department's Country Report on conditions in Albania. But "the substantial evidence test does not allow us to reweigh from scratch the importance to be placed on [country reports]." See Djonda v. U.S. Attorney Gen., 514 F.3d 1168, 1175 (11th Cir. 2008) (the IJ and BIA are "entitled to rely heavily on country reports" because the State Department is the most appropriate resource on foreign nations' political conditions). The evidence presented by the government -- which included both the Country Report and Male's own testimony about his experiences -- sufficiently showed changed country conditions that negated the presumption that Male had a well-founded fear of future persecution in Albania based on his political opinion.

Male also contends that he faces the possibility of excessive punishment for his army desertion as a pretext for punishing his opposition to the socialist military regime.[4] But substantial evidence also supports the IJ's and BIA's conclusions that Male had no well-founded fear of future persecution based on his desertion from the army. While Male may be subject to legitimate prosecution and imprisonment

_____

[4]We note that, contrary to Male's assertion, the IJ and BIA did not err in concluding that Male was unentitled to a rebuttable presumption of a well-founded fear of future persecution on the basis of his army desertion. The IJ's original past persecution determination was only about Male's and his family's persecution based on their pro-democracy views, not Male's membership in or desertion from the army.

for army desertion upon return to Albania, mere prosecution for violating legitimate, generally applicable state laws does not constitute persecution unless the alien shows that the prosecution is based on a statutorily protected ground and that the punishment under the law is sufficiently extreme to constitute persecution. See Scheerer v. U.S. Attorney Gen., 445 F.3d 1311, 1315-16 (11th Cir. 2006). And here, the record lacks any evidence that the current Democratic government will prosecute Male as a pretext for his anti-socialist political opinion.

The IJ's and BIA's decisions that Male is unentitled to asylum are supported by reasonable, substantial, and probative evidence on the record considered as a whole; and we are not compelled to reverse the decisions. See Forgue, 401 F.3d at 1286.

PETITION DISMISSED IN PART AND DENIED IN PART.